**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. TAYLOR TORRES, an individual, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>1. GO FRESH, LLC )<br>a domestic limited liability company, )<br>)<br>Defendant. )<br>) | Case No. 18-cv-00343-JED-FHM<br><br>**JURY TRIAL DEMANDED**<br>**ATTORNEY LIEN CLAIMED FOR**<br>**THE FIRM** |

## COMPLAINT

**COMES NOW,** the Plaintiff, Taylor Torres ("Plaintiff"), through her attorney of record, Jessica N. Bailey of Armstrong & Vaught, P.L.C. and brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, *et seq.* for sexual harassment, racial discrimination and retaliation committed by Defendant.

## JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1367(a). In particular, jurisdiction is premised on a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

2. Declaratory and equitable relief are sought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, and compensatory and punitive damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.*

3. Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil Procedure and the above statutes.

4. This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Northern District of Oklahoma, pursuant to 28 U.S.C. § 1331 and 28 U.S.C.

§ 1391(b), because the unlawful employment practices alleged herein arose in this judicial district.

5. Plaintiff is, and was at all times relevant hereto, a resident of the State of Oklahoma, residing in Tulsa, Oklahoma.

6. The acts and/or omissions giving rise to this lawsuit occurred in Tulsa, Tulsa County, State of Oklahoma.

7. In conformance with Title VII statutory prerequisites, Plaintiff submitted pre-charge information to the United States Equal Employment Opportunity Commission ("EEOC"). Subsequently, Plaintiff submitted a Charge of Discrimination to the EEOC. The EEOC completed its investigation and issued a Notice of Right to Sue on May 30, 2018 (attached as Exhibit A hereto and hereby incorporated by reference as though fully set forth herein).

8. Defendant is an employer as defined by 42 U.S.C. § 2000e(b), in that it was a private employer engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year

9. Plaintiff was at all times relevant hereto an employee as defined by 42 U.S.C. § 2000e (f), in that she was employed by an employer.

**OPERATIVE FACTS**

10. Plaintiff is a member of a protected class, to wit: African American.

11. Plaintiff is a member of a protected class, to wit: female

12. Plaintiff was hired by David Kimbrough, Night Supervisor, with GoFresh on February 1, 2017 as a Puller. Plaintiff was moved into the Administration office in April of 2017.

13. Plaintiff was exposed to sexual harassment during her employment with GoFresh. Relevant, non-exclusive examples of the sexual harassment are, as follows:

   a. On several occasions, Mr. Kimbrough informed Plaintiff that he believed she was lying about being gay and that she found men attractive. He would then ask Plaintiff who, at GoFresh, she found attractive.

   b. Around April or May of 2017, Plaintiff was having a conversation with another co-work about my girlfriend visiting for a week. Mr. Kimbrough jumped in the conversation and stated "I made beautiful babies, I will be your sperm donor if you pay me."

   c. Around May of 2017, Mr. Kimbrough asked Plaintiff my top three celebrities she thinks are sexy. He then proceeded to pull up a picture of his top female on the computer.

   d. In the Summer of 2017, Mr. Kimbrough had a bet with Emilio Torres, Puller, that Emilio would not be able to sleep with Plaintiff.

   e. On September 15, 2017, Mr. Kimbrough told Plaintiff that her girlfriend is not as hot as he thought she would be.

   f. On September 17, 2017, our warehouse smelled like fish due to product being slotted in the wrong section. Plaintiff entered the office and stated, "it really smells like fish in here." Mr. Kimbrough immediately replied, "when's the last time you washed?"

   g. On September 18, 2016, Plaintiff and a co-worker were discussing GoFresh's cucumber's being rejected by customers. Mr. Kimbrough walked up and heard us discussing the cucumbers and asked Plaintiff, "do you put your cucumber back in the refrigerator when you finish with it?"

14. Plaintiff was exposed to gender discrimination during her employment with GoFresh. Relevant, non-exclusive examples of the gender discrimination are, as follows:

   a. In the Fall of 2017, Mr. Kimbrough asked Plaintiff if she knew how to cook. When Plaintiff told him "no," he responded by stating "you don't know how to cook? I thought all women were supposed to know how to cook and clean!"

15. Plaintiff was exposed to racial discrimination during her employment with GoFresh. Relevant, non-exclusive examples of the racial discrimination are, as follows:

   a. Mr. Kimbrough would request Plaintiff play rap and hip hop music. Mr. Kimbrough would sing and rap the word "nigga."

   b. Mr. Kimbrough told Plaintiff that he always had a problem with black men at work.

   c. Plaintiff heard Mr. Kimbrough ask another black employee, "do you want to come to my white toga party." "White toga party" is a phrase Mr. Kimbrough made up in reference to a Ku Klux Klan meeting.

   d. In the Summer of 2017, Mr. Kimbrough, while speaking with an African American male about his requirement as a puller to pull the biggest route, said "I'm trying to help you with those equal rights you're always talk about."

   e. Around Fall of 2017, Mr. Kimbrough came in to work one day and mentioned that he was upset about his wife's friend posting about black lives matter on social media. Mr. Kimbrough said that black lives matter is stupid and he's tired of hearing about it. Mr. Kimbrough then referred to a video of an African American male who got shot by an officer in front of his daughter and said "I would have shot him also if I were a police officer if he did not do what I said, it is his fault he got shot."

16. Plaintiff reported the comments to Santos Valencia, Operations Manager, and Jeff Russell, Director of Operations. When Plaintiff reported the comments from September 2017, Mr. Valencia asked if everything would be better if Mr. Kimbrough apologized. However, nothing was done.

17. On October 4, 2017, Plaintiff sent an email to Chris Hagan, Human Resources, wanting to learn more day shift positions and be moved away from Mr. Kimbrough.

18. On October 15, 2017, Mr. Hagan requested that Plaintiff write down all the comments Mr. Kimbrough has made. Two weeks later, Mr. Hagan informed Plaintiff that she would be contacted by a third-party Human Resources Department.

19. Katie Spadoro, Third Party Human Resources, contacted Plaintiff regarding Mr. Kimbrough. Ms. Spadoro informed Plaintiff that Mr. Kimbrough will no longer be in her chain of command and they will not work together from here on out. Mr. Kimbrough was moved to days and Plaintiff stayed on nights. It was not until later on that Plaintiff found out Ms. Spadoro was the girlfriend of GoFresh's owner.

20. Following my complaints to Mr. Valencia and Mr. Russell, Mr. Kimbrough began cutting Plaintiff's hours and sending her home early.

21. Prior to my report of Mr. Kimbrough's behavior, Plaintiff was being considered of for the day shift, making more money. However, a week after her report of Mr. Kimbrough, Plaintiff was told they were going to give the position to someone else.

22. On February 6, 2018, Plaintiff was informed that Mr. Kimbrough would be returning to the night shift for approximately two months to train a new assistant supervisor. Plaintiff was told that "the past has been handled" and to "move on forward with it." Plaintiff was also told that if she was unable to do so, that GoFresh was not for her.

23. After working a few night shift with Mr. Kimbrough, it was evident that he had not helped the shift given that trucks were arriving late. Mr. Kimbrough falsely accused Plaintiff of refusing to speak to him, therein creating conflict.

24. On February 13, 2018, Mr. Hagan terminated Plaintiff from GoFresh.

25. Mr. Kimbrough did not give me a raise due to the reporting of his behavior. Instead, they said Plaintiff was "maxed out for my position." However, Mr. Valencia had previously offered Plaintiff a raise in August of 2017. Plaintiff never received that raise never happened to this this event.

26. Plaintiff believes that she was been discriminated against on the basis of her gender, to wit: female, in violation of Title VII of the Civil Rights Act.

27. Plaintiff believes that was subjected to sexual harassment, in violation of Title VII of the Civil Rights Act.

28. Plaintiff believes that she was discriminated against on the basis of her race, to wit, African American, in violation of Title VII of the Civil Rights Act of 1964.

29. Plaintiff believes that she was retaliated against for her complaint of disparate treatment to Mr. Valencia and Mr. Russell, in violation of Title VII of the Civil Rights Act of 1964.

### FIRST CLAIM
**(Gender Discrimination in Violation of Title VII)**

30. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

31. This claim is made against Defendant, GoFresh, LLC.

32. That, as a member of a protected class, to wit: a female, Plaintiff is protected by the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.;

6

33. That the disparate treatment of Plaintiff by Defendant and its employees and/or agents was a direct result of discrimination on the basis of her protected status, to wit: a female, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

34. That Plaintiff was unfairly treated and that the motivating reason for this treatment is based on her protected status, to wit: a female, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

35. That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances or by allowing the acts to occur after receiving actual or constructive notice of those acts;

36. That the conduct complained of constitutes illegal gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages as provided for by applicable law; (4) order Plaintiff's be reinstated to her former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

## SECOND CLAIM
### (SEXUAL HARASSMENT IN VIOLATION OF TITLE VII)

37. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

38. By and through, but not limited to, the events described herein, Plaintiff's terms and conditions of employment were adversely affected, and a hostile work environment was created, due to the on-going sexual harassment directed toward Plaintiff.

39. By and through, but not limited to, the actions described above, Defendant has violated Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. §§ 2000e, *et seq*.

40. As a direct and proximate cause of said actions by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation and other pecuniary losses.

41. Defendant's actions were willful and done with reckless indifference to Plaintiff's rights, thus warranting an award of punitive damages in Plaintiff's favor.

42. Plaintiff has been injured by the sexual harassment she was subjected to and is entitled to compensatory and punitive damages and any other damages permitted under Title VII of the Civil Rights Act of 1964 and 1991, as amended.

### THRID CLAIM
**(Race Discrimination in Violation of Title VII)**

43. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

44. This claim is made against Defendant, GoFresh, LLC.

45. That, as a member of a protected class, to wit: African American, Plaintiff is protected by the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.;

46. That the disparate treatment of Plaintiff by Defendant and its employees and/or agents was a direct result of discrimination on the basis of her race, to wit: African American, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.;

47. That Plaintiff was unfairly treated and that the motivating reason for this treatment is based on her race, to wit: African American, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.;

48. That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances or by allowing the acts to occur after receiving actual or constructive notice of those acts;

49. That the conduct complained of constitutes illegal race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages as provided for by applicable law; (4) order Plaintiff's be reinstated to her former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

## FOURTH CLAIM
**(Retaliation in Violation of Title VII)**

50. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

51. This claim is made against Defendant, GoFresh, LLC.

52. Plaintiff followed the proper procedures as an employee of Defendant in exercising her federally protected right to complain of the disparate treatment she was subjected to as an employee in Defendant's employ.

53. Plaintiff reported the discrimination she was subjected to as an employee of Defendant to Santos Valencia, Operations Manager, and Jeff Russell, Director of Operations.

54. As a direct result of Plaintiff's complaint, Defendant altered the terms, conditions and/or privileges of her employment by, among other retaliatory acts, terminating her employment.

55. As a direct result of Plaintiff's complaint, Defendant retaliated against Plaintiff for exercising her federally protected right to report the disparate treatment she was subjected to in the workplace.

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages as provided for by applicable law; (4) order Plaintiff's be reinstated to her former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

By: *s/ Jessica N. Bailey*
**Jessica N. Bailey, OBA #33114**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *telephone*
(918) 583-1755 – *facsimile*
***Attorney for Plaintiff***